98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry J. BOEHM, Appellant,
and
E. Cornelius, GMBH,
v.
ATON COMPONENTS; Secured Creditors' Committee; OIGAWA
Electric Co., Ltd., Appellees.
 No. 96-5496.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: LIVELY, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Harry J. Boehm, a Kentucky litigant proceeding pro se, appeals a district court order affirming the decision of a bankruptcy court to confirm the debtor's (Aton Components, Inc.) third plan of liquidation. Oigawa Electric Company (Oigawa) moves to dismiss Oigawa as a party to this appeal, and Boehm has responded. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Aton Components, Inc. (Aton) makes light bulb components, and Boehm was president of the company. Oigawa is the majority shareholder in Aton. Aton filed for Chapter 11 bankruptcy protection on March 26, 1993. Immediately thereafter, Aton began to put together a plan of liquidation. Aton was able to sell all of the company's equipment and personal property pursuant to 11 U.S.C. § 363, and realized proceeds in excess of $1,350,000 from these sales.
 
 
 3
 On July 25, 1994, the bankruptcy court approved Aton's Amended Disclosure Statement and Settlement Agreement between the Unsecured Creditors and Oigawa Electric Co., Ltd., and also granted confirmation of Aton's Third Plan of Liquidation. Boehm filed a notice of appeal on July 27, 1994. In an order entered February 1, 1996, the district court dismissed the appeal as moot and affirmed the bankruptcy court's decision confirming the plan. On March 25, 1996, the district court entered an order denying Boehm's and Cornelius's motion to reconsider the order affirming the confirmation order.
 
 
 4
 On April 5, 1996, Boehm filed a notice of appeal, purporting to raise in this appeal "the District Court's refusal to address two main issues raised by the Appellant: 1) The Bankruptcy Court's overruling of Appellant's objections to an insider being subrogated to that of a secured creditor, and 2) the Bankruptcy Court's denial of Appellant's request to subordinate the insider's subrogated claims." Boehm therefore named Oigawa as a party to this appeal.
 
 
 5
 Oigawa argues that the district court has not rendered any final judgment with respect to Boehm's subrogation and subordination claims. Boehm concedes that the subrogation and subordination claims have never been addressed by either the bankruptcy court or the district court, but insists that Oigawa is a proper party to this appeal. Neither party cites any case law in support of their positions.
 
 
 6
 In United States v. Lundin (In re Production Steel, Inc.), 55 F.3d 1232 (6th Cir.1995), this court held that an order that conclusively determines a separate dispute over a creditor's claim is a final order. Id. at 1235. The issues of subrogation and subordination are separable issues. The bankruptcy court's confirmation order did not contain a final order disposing of these issues. Because these issues are the only reason why Oigawa would be before the court in this appeal, Oigawa's motion to dismiss Oigawa as a party to the appeal is well-taken. Accordingly, Oigawa's motion to dismiss is granted.
 
 
 7
 On appeal, this court independently reviews the bankruptcy court's decision. Canadian Pac. Forest Prods. Ltd. v. J.D. Irving, Ltd. (In re The Gibson Group, Inc.), 66 F.3d 1436, 1440 (6th Cir.1995); Ciba-Geigy Corp. v. Flo-Lizer, Inc. (In re Flo-Lizer, Inc.), 946 F.2d 1237, 1240 (6th Cir.1991). It reviews the bankruptcy court's findings of fact under the clearly erroneous standard and reviews the bankruptcy court's conclusions of law under the de novo standard. In re The Gibson Group, Inc., 66 F.3d at 1440.
 
 
 8
 The district court's order affirming the bankruptcy court's decision confirming Aton's third plan of liquidation is affirmed for the reasons stated by that court. Boehm failed to show that the bankruptcy court's confirmation of the debtor's liquidation plan was clearly erroneous. See In re The Gibson Group, Inc., 66 F.3d at 1440.
 
 
 9
 Finally, the bankruptcy court did not abuse its discretion when the court denied Boehm's motion for a stay. See Sandison v. Michigan High Sch. Athletic Ass'n, Inc., 64 F.3d 1026, 1030 (6th Cir.1995). Boehm failed to satisfy the four factors that are traditionally considered in evaluating the granting of a stay. See Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991).
 
 
 10
 For the foregoing reasons, Oigawa's motion to dismiss is granted, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.